17-3504
Singh v. Barr

BIA
Poczter, IJ
A208 618 125

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand twenty.

PRESENT:
BARRINGTON D. PARKER,
MICHAEL H. PARK,
*Circuit Judges.* [1]

_____

SATNAM SINGH,
*Petitioner,*

v.                                        17-3504
                                          NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Dalbir Singh, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Linda S.
                         Wernery, Assistant Director;

---

[1] Judge Christopher F. Droney, who was originally assigned to the panel, retired from the Court, effective January 1, 2020, prior to the resolution of this case. The remaining two members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458–59 (2d Cir. 1998).

Gregory M. Kelch, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Satnam Singh, a native and citizen of India, seeks review of a September 29, 2017, decision of the BIA affirming a January 31, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Satnam Singh,* No. A206 618 125 (B.I.A. Sept. 29, 2017), *aff'g* No. A206 618 125 (Immig. Ct. N.Y. City Jan. 31, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on the . . . candor[] or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Although two of the IJ's findings are questionable, we find substantial evidence for the adverse credibility determination given Singh's clearly contradictory statements about whether members of opposition political parties visited his family home looking for him and beat his mother.

Singh alleged that he was attacked twice on account of his status as a worker for the Shiromani Akali Dal Man Amritsar, or SADA.  He testified that at some point after the second attack, opposition party members went to his family home looking for him and beat his mother.  The

3

agency reasonably relied on Singh's inconsistent statements about what happened to his mother. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh testified that people went to his family home, asked where he was, and beat his mother, which was why she no longer lived in the home. When asked why his mother's letter did not mention this incident, Singh retracted his testimony and stated that she was not beaten, and that people did not ask where he was; rather, he said his mother feared that she would be beaten if she returned to the family home. As the IJ noted, Singh's application also omitted any allegation that his mother was beaten or that she fled the family home out of fear of being beaten. These inconsistencies provide substantial evidence because they go to the heart of Singh's claim that opposition party members continue to target him for harm. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that a single material inconsistency relating to the persecution from which an applicant sought asylum provided substantial evidence for an adverse credibility determination); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007)("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the

alien's uncorroborated or unauthenticated evidence."). Singh does not challenge the IJ's findings that he failed to rehabilitate his testimony with reliable corroborating evidence. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (providing that issues not raised in an opening brief are waived).

The IJ's remaining findings do not add significant support for the adverse credibility determination. Although in response to a question on cross examination about whether he was a member of SADA, Singh said yes, he otherwise affirmatively and consistently stated that he was only a worker for the party. To the extent the IJ found an inconsistency about whether Singh left hiding to travel to Delhi for a visa, while we acknowledge that Singh could have been more candid, there is no internal inconsistency in his testimony: he said he did not leave hiding during the day and when questioned about his trip to Delhi, explained that he traveled at night. Despite these two questionable findings, remand is not warranted given the direct inconsistencies regarding his mother's beating and the visit to his family home. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006) (holding that an error does not require remand if "we can state with confidence that the same

decision would be made if we were to remand").

Given the inconsistencies in Singh's testimony and the lack of reliable corroboration, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency therefore properly denied asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6